UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HASSAAN RAMKISSOON

                                Plaintiff,             Index No.:

    -against-                                     **COMPLAINT**

CITY OF NEW YORK *and*                     Plaintiff Demands Trial by Jury
POLICE OFFICER BRIAN FEELEY

                                Defendants.
-----------------------------------------------------------------X

       Plaintiff, HASSAAN RAMKISSOON, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, the CITY OF NEW YORK and Police Officer BRIAN FEELEY, shield #2768 ("FEELEY"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

       1.    This is a civil rights action in which the plaintiff, HASSAAN RAMKISSOON, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that plaintiff resides within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age residing in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant Police Officer BRIAN FEELEY was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant FEELEY acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in

conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

8. On or about November 8, 2016 at approximately 10:15 P.M. in the vicinity of 247 Troy Avenue in Brooklyn, plaintiff was arrested for allegedly possessing an unlicensed firearm by defendant Police Officer FEELEY.

9. In a sworn criminal complaint filed with the Brooklyn District Attorney's office on November 8, 2016, defendant FEELEY falsely stated that he witnessed plaintiff throw said firearm to the ground in a barber shop.

10. Plaintiff denies ever possessing any firearm and was not aware of any firearm on the premises at the time that he was alleged to have possessed it.

11. As a result of this arrest, plaintiff spent approximately ten days in custody before a King's County Grand Jury declined to indict him on charges relating to criminal possession of a weapon.

12. The case against plaintiff was dismissed on May 30, 2017.

## AS FOR A FIRST CAUSE OF ACTION

### *DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

13. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

14. At all times during the events described above all defendants lacked probable cause to arrest plaintiff.

15. At all times during the events describe above all defendants lacked probable cause to charge plaintiff with criminal conduct, namely criminal possession of a firearm.

16. All of the aforementioned acts of defendants were carried out under the color of state law.

17. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

18. The acts complained of were carried out by the defendant in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

19. The acts complained of deprived plaintiff of his rights:

    A. To be free from false arrest;

    B. To be free from unwarranted and malicious criminal prosecution;

    C. To be free from deprivation of liberty without due process of law;

    D. To a fair trial; and

    E. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

*MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

20. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

21. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the police officer defendant because his conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

22.	At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

23.	At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

24.	As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendant on the night of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

25.	The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 12/05/2017
	Brooklyn, NY

				By:	  */s/Alexis G. Padilla*
					Alexis G. Padilla, Esq. [AP8285]
					*Attorney for Plaintiff*

*Hassaan Ramkissoon*
575 Decatur Street #3
Brooklyn, NY 11233